IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>DELORIE A. BRADY, an individual,<br><br>*Defendant.* | Case No. 25-cv-06480<br><br>District Judge<br><br>Magistrate Judge |

## **COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Fund's present trustees, for causes of action against Defendant, allege as follows:

### **Jurisdiction and Venue**

1. This is an action to recover an overpayment of pension benefits in the amount of $26,739.28 to Defendant. Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and also bring a common law claim for fraud.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to 28 U.S.C. §

1391(b)(2), because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this District.

## Parties

4. Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan as that term is defined in 29 U.S.C. § 1002(2) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Fund's participants and beneficiaries and paying the Fund's administrative expenses.

6. Plaintiff Charles A. Whobrey is a trustee and a fiduciary of the Fund as defined in 29 U.S.C. § 1002(21). Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Charles A. Whobrey is authorized to bring this action on behalf of the Fund in his capacity as trustee and fiduciary.

7. Philip M. Brady ("Philip Brady") is a deceased individual who passed away on September 20, 2015. Prior to his death, he was a participant of the Fund within the meaning of 29 U.S.C. § 1002(7).

8. Defendant Delorie A. Brady ("Delorie Brady") was the spouse of Philip Brady and resides in the State of Texas.

9. Upon information and belief, Delorie Brady, during all relevant periods was an account and/or joint account holder of an account at Bank of American (the "Bank of America Account").

**Relevant Plan Provisions**

10. The Fund is administered by its Board of Trustees under the terms of a Trust Agreement and a Plan Document.

11. Pursuant to Article IV of the Trust Agreement, the Trustees are vested with the sole discretionary authority to administer the Fund, to resolve claims for benefits by participants and beneficiaries, and to interpret and construe the terms of its Trust Agreement and Plan Document (which interpretations are binding on all parties).

12. Pursuant to the authority granted to the Trustees by the Trust Agreement, they have established a Plan Document. A copy of the Plan Document is attached hereto as Exhibit A.

13. The Trustees' discretionary authority to administer the Fund and to bind those claiming benefits from the Fund is mirrored in Article VII of the Plan Document, which also grants and reiterates the powers outlined in the Trust Agreement.

14. Article VII, Section 7.05 of the Plan Document provides:

   RECOVERY OF OVERPAYMENTS

   (a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits . . . shall constitute grounds for adjustment of the claim and of the requested benefits, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

   (b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

Exhibit A, p. 70.

**Factual Background**

15. For all relevant periods of time, the Fund directly deposited monthly pension benefits in the amount of $322.16 on behalf of Philip Brady into the Bank of America Account designated by him.

16. Philip Brady died on September 20, 2015.

17. Upon his death, Philip Brady's rights to the monthly pension benefits ceased and the Fund's obligation to remit the monthly pension benefits terminated

18. For the period after Philip Brady's death through June 16, 2023, the Fund had not received notice of Philip Brady's death and had no knowledge that he had died.

19. For the period of October 2015 through June 2023, the Fund continued to directly deposit the monthly pension benefits into the Bank of America Account.

20. As a result, for the period of October 2015 through June 2023, the Fund overpaid the monthly pension benefits in the total amount of $29,960.88. Upon learning of Philip Brady's death, on June 16, 2023, the Fund initiated reclaims on the Bank of America Account. The reclaims for the period of September 2022 through June 2023, in the amount of $3,221.60, were the only successfully reclaimed funds. The remaining benefit reclaims were rejected. After receipt of the reclaims from Bank of America, the overpayment amount was reduced to $26,739.28.

21. On June 28, 2023, Delorie Brady called the Fund to set up a payment plan to repay the overpaid pension benefits.

22. On June 29, 2023, the Fund sent a letter to Delorie Brady with the overpayment balance and the Fund's contract information to set up a payment plan to repay the overpaid pension benefits. After no response, a follow-up letter was sent September 21, 2023. Delorie Brady did not respond.

23. After Philip Brady's death on September 20, 2015, neither he nor any other beneficiary was entitled to receive any further pension benefits.

24. For all relevant periods, Delorie Brady knew that the Fund continued to electronically deposit Philip Brady's monthly pension benefit into the Bank of America Account.

25. For all relevant periods, Delorie Brady fraudulently concealed the material fact of Philip Brady's death from the Fund.

26. As a result of the failure to notify the Fund of Philip Brady's death, Delorie Brady received an overpayment in the total amount of $26,739.28 that was electronically deposited into the Bank of America Account by the Fund.

## COUNT I

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2)

27. The allegations made in paragraphs 1 through 26 are realleged and restated herein by reference.

28. Delorie Brady is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Delorie Brady is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

29. Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $26,739.28) from Delorie Brady, Delorie Brady has refused to reimburse the Fund said assets. As a result, Delorie Brady has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, Plaintiffs request the following relief in their favor and against Delorie Brady:

(a)     A judgment against Delorie Brady in favor of Plaintiffs pursuant to 29 U.S.C. § 1132(a)(2) for violation of 29 U.S.C. § 1109 in the amount of $26,739.28;

(b)     An award to Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(c)     All other just and appropriate relief.

## COUNT II

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(3)

30.     The allegations made in paragraphs 1 through 29 are realleged and restated herein by reference.

31.     Delorie Brady is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Delorie Brady is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, and to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

32.     Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $26,739.28) from Delorie Brady, Delorie Brady has refused to reimburse the Fund said assets. As a result, Delorie Brady has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, Plaintiffs request the following equitable relief in their favor and against Delorie Brady:

    (a)    Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for violation of 29 U.S.C. § 1109 in the form of an injunction requiring reimbursement by Delorie Brady to Plaintiffs in the amount of $26,739.28;

    (b)    An award to Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

    (c)    That Delorie Brady be further enjoined from disposing of any monies held as a fiduciary for Plaintiffs and from comingling said monies with any of Delorie Brady's other assets until such time reimbursement to Plaintiffs is made in full;

    (d)    That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Delorie Brady reimburses Plaintiffs the amount of $26,739.28; and

    (e)    All other just and appropriate relief.

## COUNT III

### Equitable Lien and Constructive Trust Under 29 U.S.C. § 1132(a)(3)

    33.    The allegations made in paragraphs 1 through 32 are realleged and restated herein by reference.

    34.    Delorie Brady is in possession of the Fund's assets and, pursuant to Article VII, Section 7.05 of the Plan Document, the Fund asserts an equitable lien on the overpayments described herein.

    35.    Equitable liens in favor of the Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Delorie Brady, with the constructive trust to continue until full reimbursement is made to the Fund.

36. Delorie Brady is required to hold said assets in constructive trust for the benefit of the Fund and not dispose of the assets until the Fund's equitable lien has been satisfied.

**WHEREFORE**, Plaintiffs request the following equitable relief in their favor and against Defendant:

(a) Equitable relief under 29 U.S.C. § 1132(a)(3) in the form of an equitable lien in the amount of $26,739.28 upon the overpayments held by Delorie Brady, which Delorie Brady is obligated to reimburse to the Fund pursuant to the reimbursement provisions of the Fund's Plan Document, and the imposition of a constructive trust to enforce the Fund's equitable lien;

(b) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an injunction requiring reimbursement by Delorie Brady to Plaintiffs in the amount of $26,739.28;

(c) That Delorie Brady be further enjoined from disposing of any monies thus held in constructive trust for Plaintiffs and from comingling said monies held therein with any of Delorie Brady's other assets until such time reimbursement to Delorie Brady is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Delorie Brady reimburses Plaintiffs the amount of $26,739.28;

(e) An award to Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f) All other just and appropriate relief.

## COUNT IV

### Common Law Fraud

37. The allegations made in paragraphs 1 through 36 are realleged and restated herein by reference.

38. During the period of October 2015 through June 2023, Delorie Brady wrongfully engaged and participated in a prohibited transaction by securing assets in the form of monthly pension benefits from the Fund for an ineligible person after the death of Philip Brady and initiated these acts when she wrongfully, fraudulently, and/or negligently failed to notify the Fund of the death of Philip Brady.

39. Delorie Brady concealed the material fact that Philip Brady died on September 20, 2015.

40. The concealment of the death of Philip Brady was intended to induce the false belief by the Fund that Philip Brady was still alive, under circumstances in which Delorie Brady had a duty to speak.

41. The Fund could not have discovered the fact that Philip Brady was deceased through a reasonable inquiry or inspection and relied upon the silence of Delorie Brady as a representation of the fact that Philip Brady was still living.

42. If the Fund had been aware that Philip Brady had passed away on September 20, 2015, the Fund would have immediately terminated the electronic deposit of the monthly pension benefit checks in the Bank of America Account.

43. The Fund's reliance upon Delorie Brady's silence resulted in injury to the Fund and Delorie Brady received the amount of $26,739.28 in pension benefits to which she was not otherwise entitled.

44. Consequently, during the period of October 2015 through June 2023, Delorie Brady committed the tort of fraudulent concealment against the Fund.

45. The Fund suffered damages as a direct and proximate result of Delorie Brady's fraudulent misrepresentations and concealment of material facts, in that it paid pension benefits

during the period of October 2015 through June 2023; payments to which Delorie Brady was not entitled since she was not eligible for any pension benefit payments subsequent to Philip Brady's death.

**WHEREFORE**, Plaintiffs request the following relief in their favor and against Delorie Brady:

(a)     A judgment in favor of Plaintiffs and against Delorie Brady in the amount of $26,739.28;

(b)     An award of attorneys' fees and costs; and

(c)     All other just and appropriate relief.

Respectfully submitted,

*/s/ Sarah M. Gortowski*
Sarah M. Gortowski (ARDC #6349107)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 777-4031
sgortows@centralstatesfunds.org
*ATTORNEY FOR PLAINTIFFS*

June 11, 2025